**SPERRY RAND CORPORATION**

v.

**CONTROL DATA CORPORATION.**

Civ. A. No. 15823.

United States District Court,
D. Maryland.

Aug. 24, 1970.

John W. Avirett, 2d, Piper & Marbury, Baltimore, Md., for plaintiff; Laurence B. Dodds, Great Neck, N. Y., John P. Dority, Blue Bell, Pa., of counsel.

Benjamin C. Howard, Miles & Stockbridge, Baltimore, Md., for intervenor plaintiff Iowa State University Research Foundation, Inc.; Jerome F. Fallon and Timothy L. Tilton, Chicago, Ill., of counsel.

Donald N. Rothman, Gordon, Feinblatt & Rothman, Baltimore, Md., Robert F. Conrad, Washington, D. C., and Allen Kirkpatrick, Cushman, Darby & Cushman, Washington, D. C., for defendant.

WATKINS, Chief Judge.

What started out as a routine and well-behaved patent infringement case has been complicated by a motion to intervene, accompanied by a Complaint for Declaratory Relief.

Plaintiff, Sperry Rand Corporation (Sperry Rand) claims to be the owner, by mesne assignments, of United States Patent No. 2,617,705 (not involved in the intervention proceedings) and United States Patent No. 2,629,827, issued on February 24, 1953 to John Presper Eckert, Jr. (Eckert) and John W. Mauchly (Mauchly). The usual claims of infringement by the defendant Control Data Corporation (Control Data) are made. The answer denied infringement, and set up the usual defenses of indefiniteness of the specifications; obviousness; knowledge, patents or printed publications existing more than one year before the inventions; and public sale and use more than one year prior to the applications.

More than three and one-half years after suit was entered and the answer filed, a Motion to Intervene was filed by Iowa State University Research Foundation, Inc. (Iowa State) purportedly under F.R.C.P. 24. The Motion states:

"The ground for this motion is the alleged ownership of an undivided interest in United States Letters Patent No. 2,629,827, now in suit. Should the Court find that Applicant's assignor was omitted as a joint inventor, equitable relief can be granted under 35 U.S.C. 256."

The proposed Complaint for Declaratory Relief recites the current litigation; asserts jurisdiction under 35 U.S.C. § 256 "which provides that non-joinder of joint inventors may be corrected by any court before which such matter is called in question"; alleges that John V. Atanasoff (Atanasoff) is a joint inventor of the subject matter of Patent No. 2,629,827 and that Iowa State is owner of the entire right, title and interest of Atanasoff in said patent by virtue of an assignment agreement of May 6, 1968; that Atanasoff made certain inventions and discoveries which he incorporated in a computing machine constructed during 1937–1942 and that Mauchly visited Atanasoff in June 1941, "at which time Atanasoff fully disclosed to Mauchly the detailed structure, theory, operation of and results produced by the computing machine, including the memory system thereof", from which Mauchly "derived certain concepts and ideas incorporated in" the patent, and which ideas and concepts were communicated by Mauchly to Eckert, prior to the filing of the application which resulted in Patent No. 2,629,827. It further alleges that "Certain of the claims of Patent No. 2,629,827 in suit describe the memory system of Atanasoff as well as those of the named inventors. A typical claim in Claim 1" embodies a rotating drum of the kind incorporated in Atanasoff's machine. The prayer for relief is:

"That the Court declare John V. Atanasoff to be a joint inventor for United States Letters Patent No. 2,629,827; order correction of said Patent; and such other and further relief as the Court may deem just."

Section 256 of Title 35 reads as follows:

"Whenever a patent is issued on the application of persons as joint inventors and it appears that one of such persons was not in fact a joint inventor, and that he was included as a

joint inventor by error and without any deceptive intention, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate deleting the name of the erroneously joined person from the patent.

"Whenever a patent is issued and it appears that a person was a joint inventor, but was omitted by error and without deceptive intention on his part, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate adding his name to the patent as a joint inventor.

"The misjoinder or nonjoinder of joint inventors shall not invalidate a patent, if such error can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly."

Slightly more than five weeks after the Motion by Iowa State, Control Data filed an amended answer, not opposed by Sperry Rand, including in the prior art "the work of John V. Atanasoff." It also filed two new paragraphs, 15 and 16, of defenses reading as follows:

"15. The defendant asserts that the Patent No. 2,629,827 in suit is invalid and void because the alleged inventors thereof did not themselves singly or jointly invent the subject matter sought to be patented.

"16. The defendant further asserts that Patent No. 2,629,827 in suit is invalid and void because the oath therein was known by the alleged inventors to be false when executed, and accordingly, both patents in suit are unenforceable as plaintiff has brought suit knowing Patent No. 2,629,827 to be invalid."

About one month later, Control Data filed a memorandum in reply to Iowa State's Motion to Intervene, Control Data asserting that Iowa State's proposed Complaint for Declaratory Relief failed to state a cause of action. The memorandum ended with the following language.

"Addressing the motion as such, as distinguished from addressing the merits, it is defendant's position that if this Court believes that Iowa should have a day in Court to be heard on its contentions then same may as well be a part of the present Civil Action as any other and defendant does not object to the granting of the motion on the ground that it is untimely or lacks a common area of fact finding, notwithstanding that as aforesaid defendant does maintain that the applicant for intervention has failed to state a cause of action and ultimately its prayers cannot be granted."

On the same day that Control Data's above memorandum was filed, Sperry Rand filed an extensive Memorandum in Opposition to the Motion to Intervene, accompanied by exhibits and affidavits. The points relied upon were delay and laches, and that the type of relief sought was not cognizable under 35 U.S.C. section 256.

■ While Sperry Rand makes out a strong prima facie case of staleness and laches, Iowa State offers several explanations. There are clearly unresolved factual issues, not permitting a denial of the motion to intervene on the ground that staleness and laches have been established as a matter of law.

The question of the relief available under section 256 is, however, a matter of law. In this first memorandum of Sperry Rand in Opposition, the argument was simply (a) Iowa State (or Atanasoff) had actual or constructive notice of the issuance of the patent in suit, and should have proceeded under Title 35, section 135 (Interference) and Patent Office Rule 47(a); and (b) there is no reported case in which one claiming to be a joint inventor has sought to assert that

claim by intervention in a court proceeding. Iowa State so concedes (Paper 93, p. 4).[1]

In its Reply Memorandum to Sperry Rand's opposition, Iowa State asks the Court to take an intermediate position between Atanasoff's work being inconsequential and "everything" and to require the addition of Atanasoff as a "co-inventor."[2]

Iowa State's main, if not sole, arguments for a determination by this Court that Atanasoff is a joint inventor are

(a) The Reviser's Note accompanying section 256 in United States Code that:

"\* \* \* The third paragraph provides that a patent shall not be invalid for such cause [misjoinder or nonjoinder of joint inventors if correctible], and also provides that a court may order correction of a patent; the two sentences of this paragraph are independent."

(b) The "Commentary on the New Patent Act" by P. J. Federico, Examiner-in-Chief, United States Patent Office, appearing in United States Code Annotated, Title 35, sections 1–110, at page 50:

"Section 256 which is entirely new is a companion to section 116, relating to the issued patent whereas section 116 relates to the same situations at the application stage. The first paragraph refers to a patent issued on the application of two or more persons as joint inventors where it appears that one of them was not in fact a joint inventor, and the second paragraph to the case in which a joint inventor had not joined in the application. In either case, if the inclusion or exclusion occurred by error and without any deceptive intention, the Commissioner of Patents may correct the patent by a certificate deleting the name of the erroneously joined inventor, or adding the name of the erroneously omitted inventor, as the case may be. All the parties, including the assignee, must concur in applying for such correction. If they do not concur, the correction can only be made on order of a court as provided in the third paragraph. It would not be possible under this section to change a patent which was issued with A as the sole inventor to one naming B as the sole inventor.

"The third paragraph of section 256, states that the misjoinder or nonjoinder of joint inventors shall not invalidate a patent if the mistake is one that can be corrected under the section, that is, arose by error and without deceptive intention, and gives a court authority to order correction."

Shortly thereafter Control Data filed a thirty-nine page memorandum urging denial of Iowa State's Motion to Intervene. Its change in position is attributed to Sperry Rand's opposition, disclosing that Mauchly and Eckert are opposed to joinder of anyone else in the patent. Control Data also contends the patent in suit is governed by the law prior to the 1952 Patent Act, and that that law absolutely prohibited adding a person as inventor under any circumstances.

The memorandum contains a scholarly presentation of the law prior to 1952 with respect to naming less than all, or

---

1. This is literally true; but the plaintiff in a patent infringement suit did seek unsuccessfully to invoke section 256 in Merry Manufacturing Company v. Barns Tool Company, D.C.Ga.1962, 206 F.Supp. 53, 57–59, aff'd 5 Cir. 1964, 335 F.2d 239.

2. Even under the broad definition of "joint inventor" in DeLaski & Thropp Circular Woven Tire Company v. Wm. R. Thropp & Sons Company, D.C.N.J.1914, 218 F. 458, 464, aff'd 3 Cir. 1915, 226 F. 941, the Complaint for Declaratory Relief leaves much to be desired in its statement of Atanasoff's "contribution." It is not clear whether Atanasoff claims to be the sole inventor; or whether Mauchly and Eckert patented improvements; or whether Atanasoff claims to be responsible, in whole or in part, for the entire subject matter of each claim.

the failure to name all, inventors (pp. 7–9); and the history of prior legislative attempts to deal with these problems (pp. 9–11). There follows a review of the hearings before the passage of the 1952 Act (pp. 12–18). In the quotations from Federico's testimony, there is no language to support his conclusion in the Commentary that unless all parties concur, "the correction can only be made on order of a court as provided in the third paragraph."

To the court, the somewhat involved language of the third paragraph of section 256 may be read in a manner giving effect to both sentences.

Section 256 is designed to prevent invalidating of patents merely because of misjoinder or nonjoinder.

The first paragraph provides that where there has been misjoinder through error and without any deceptive intention, the Commissioner "may, on application of all parties and assignees * * *" issue a certificate deleting the name of the erroneously joined person from the patent.

The second paragraph provides for correction of the innocent omission of a joint inventor, where the Commissioner may, again on application of all parties and assignees, issue a certificate adding the omitted name.

The first sentence of the third paragraph reads:

"The misjoinder or nonjoinder of joint inventors shall not invalidate the patent if such error can be corrected as provided in this section." The section provides for correction on what is in effect the joint application of all parties in interest. The first sentence therefore directs a court not to hold a patent invalid for misjoinder or nonjoinder, if the error could be corrected before the Commissioner.

The second sentence reads:

"The court before which such matter [invalidity for misjoinder or nonjoinder] is called in question [by defense of misjoinder or nonjoinder] may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly."

■■ It would seem clear that when the defense of invalidity for misjoinder or nonjoinder is raised, the court might postpone or interrupt the trial of the case to permit application to the Commissioner to correct the patent. But if all parties in interest are agreeable to the necessary deletion or addition, then there is no need to refer the matter to the Commissioner and await his almost foregone conclusion. In that event the court in which the patent suit is pending, in the case of innocent error, and upon the application of all parties, may order the appropriate correction. This court however holds that this applies only where either application is made by all parties, or when no party opposes the correction. Such is the holding of the only case really in point.

Merry Manufacturing Company v. Burns Tool Company, D.C.Ga.1962, 206 F.Supp. 53, 57–59, particularly at 59, aff'd, 5 Cir. 1964, 335 F.2d 239, 242.

■ The court will therefore not entertain the Complaint for Declaratory Relief insofar as it seeks to have Atanasoff declared to be a joint inventor of Patent No. 2,629,827. The court, however, recognizes that this order, denying the full relief prayed, involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. It will therefore modify the order of March 31, 1970 accordingly.

■ The court is of the opinion, however, that Iowa State has an interest in the litigation, permitting it to intervene under F.R.C.P. 24. Although precluded from securing an amendment of the pat-

ent to include Atanasoff as a joint inventor in these proceedings it may (subject to the expiration date of the patent) wish to proceed before the Commissioner. It is interested in maintaining the validity of the patent (with Atanasoff as a co-inventor). Its interests will not adequately be protected by the other parties. Sperry Rand is interested in upholding the patent as the invention of Mauchly and Eckert, and to negative any contribution by, anticipation by, or derivation from, Atanasoff. Control Data is interested in invalidating the patent, by anticipation, prior art, obviousness, derivation, or establishing Atanasoff as a nonjoined joint inventor.

Furthermore, from a practical standpoint, it is desirable to have Iowa State in as an intervenor. In that event Atanasoff would appear personally in court, which is highly desirable. Moreover, its presence may well obviate subsequent troublesome questions of collateral estoppel.

An appropriate amended order will be entered.

AMENDED ORDER

For the reasons set forth in a memorandum of even date, it is this 24th day of August, 1970

Ordered that Iowa State University Research Foundation, Inc. be and it hereby is permitted to intervene in the above case as to Patent No. 2,629,827 conditioned upon said intervenor being bound by all Orders heretofore entered herein and all discovery heretofore had in this case; and excluding from said intervention the prayer that this court declare John V. Atanasoff to be a joint inventor of such patent and order a corresponding correction of said patent.

This Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from this Order may materially advance the ultimate termination of the litigation.